IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE FRANK WRIGHT, JR.,

        Plaintiff

VS.

Captain JEFF PETTY,
BALDWIN COUNTY JAIL,
and Sheriff BILL MASSEE,

        Defendants

NO. 5:10-CV-203 (MTT)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

Plaintiff **WILLIE FRANK WRIGHT, JR.,** a pretrial detainee at the Baldwin County Jail in Milledgeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee as ordered by the Court.

**MOTION TO AMEND COMPLAINT**

Plaintiff filed a motion to amend his complaint. (Tab #9). In this motion, he requests to have Sheriff Bill Massee added as a defendant. Pursuant to Fed. R. Civ. P. 15 (a)(1), a party may "amend its pleading once as a matter of course" within a certain limited time period. In this case, the action has not yet been served on defendants. Therefore, the Court **GRANTS** plaintiff's motion to amend.

**I. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff Wright makes numerous allegations regarding the conditions of confinement at the Baldwin County Jail. First, he complains that he has to wake up too early in the morning; around 6:15 A.M. to 6:30 A.M. He alleges that they are then "locked out of their cells until count clears somewhere around 7:00 A.M. . . . to 10:00 A.M. . . . no matter if [they] are still sleepy, hurting, or on medicine." Plaintiff states they are then given only two hours to eat breakfast and shower. During the rest of the day the detainees are only allowed to "eat, play games on hard concrete or steel chairs." He avers that they are not allowed to go in the yard every day and that during lock-out hours, 20-36 men have only one toilet that they may use. Finally, plaintiff complains that the inmates and pretrial detainees must pay for a shave or hair cut.

The Court notes that plaintiff is a pre trial detainee at the Baldwin County Jail. The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985). Under the Eighth Amendment (and the due process clause), prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care. *See Hudson v. McMillian*, 503 U.S. 1 (1992); *Hudson v. Palmer*, 468 U.S. 517 (1984).

2

However, the Supreme Court has made it clear that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. ***Rhodes v. Chapman***, 452 U.S. 337, 349 (1981). To prevail on an Eighth Amendment claim (and a due process claim), an inmate must demonstrate (1) that the deprivation alleged is, from an objective standpoint, "sufficiently serious," and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. ***Farmer v. Brennan,*** 511 U.S. 825, 834 (1994).

None of plaintiff's allegations, alone or in the aggregate, are sufficiently serious enough to implicate the Constitution. Moreover, the Court notes that plaintiff has not suffered any type of physical injuries from the deprivations he alleges. 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Accordingly, **IT IS RECOMMENDED** that these various claims regarding the conditions of confinement at Baldwin County Jail be **DISMISSED** from this action. Additionally, the Court notes that plaintiff Wright has named the Baldwin County Jail as a defendant in this action. The jail is not a legal entity that is subject to suit. Therefore, **IT IS RECOMMENDED** that Baldwin County Jail be **DISMISSED** from this action.

Under 28 U.S.C. §636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

Plaintiff also maintains that on March 10, 2010, a Baldwin County Superior Court Judge granted him the right to represent himself in his up-coming criminal trial. It appears that plaintiff is charged with several felonies. He alleges that Jeff Petty and Sheriff Bill Massee have denied him access to a law library; consequently, he is unable to prepare for trial and has missed the filing deadlines for several pretrial motions.

Plaintiff Wright also contends that he is being denied his First Amendment right to freely practice his religion. He states that jail officials will not allow him to have his required religious materials: The Holy Scrolls, 360 Questions, and other Nuwaubian religious materials. According to plaintiff, pretrial detainees are only allowed to have a Bible.

At this stage in the litigation, the Court cannot find that plaintiff's claim regarding denial of access to courts and his claim that he is denied necessary religious material are completely frivolous. Therefore, these two claims shall go forward against defendants Petty and Massee.

Accordingly, IT IS ORDERED AND DIRECTED that service be made as provided by law upon defendants JEFF PETTY and SHERIFF BILL MASSEE; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### ☞ DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **No PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

6

## ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 7th day of July, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

## ADDENDUM TO ORDER

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.