IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **WILLIE FRANK WRIGHT, JR.,** | : | |
| Plaintiff, | : | NO. 5:10-CV-203 (MTT) |
| VS. | : | |
| **JEFF PETTY,** *et al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

### RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Massee and Petty alleging that Plaintiff Willie Frank Wright, Jr. has failed to state a claim for which relief can be granted. Doc. 18. After review, and for the reasons set forth below, **IT IS RECOMMENDED** that this motion be **GRANTED** in part and **DENIED** in part.

Plaintiff, who is proceeding *pro se* and in *forma pauperis*, was a pre-trial detainee at the Baldwin County Jail at the time he initiated the above-captioned action. In both his initial (Doc.1) and supplemental complaints (Doc. 8), Plaintiff set forth claims consisting of: 1) numerous complaints about the physical conditions of his confinement; 2) an assertion that he had been unlawfully refused access to a law library, and; 3) an allegation that, due to Defendant's policy on religious materials, he had been denied his First Amendment right to freely practice his religion. Following a frivolity review conducted in accordance with 28 U.S.C. § 1915A, Plaintiff's claims involving the physical conditions of his confinement were dismissed. See Doc. 10 and Doc. 16. Thus, only his access to the courts and First Amendment free practice of religion claims remain.

1

Defendants' Motion to Dismiss

Defendants have moved to dismiss Plaintiff's remaining claims because Plaintiff "seeks substantial money damages without any allegation of physical injury." Defts.' Brief 1 (Doc. 18-1). The absence of allegations of physical injury does not, however, warrant complete dismissal of this action. The Prison Litigation Reform Act ("PLRA"), at 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This limitation of monetary recovery "does not impair a prisoner's right to seek declaratory and injunctive relief for constitutional violations." Al-Amin v. Smith, 637 F.3d 1192, 1196 (11th Cir. 2011) (quoting Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999), *rehearing en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000)).

Plaintiff's complaint is not artfully drafted, but it appears to seek relief that is primarily injunctive in nature, asking the Court to "instruct the Jail to abide by state and federal law that applies to them and to stop the oppression and cruel treatment tactics in helping to oppress." Complaint ¶ 15 (Doc. 1). This can be interpreted as a request for an injunction related to the jail's policies for access to a law library or for access to religious materials. Such relief is not foreclosed by Section 1997e(e).

To the extent that Plaintiff seeks monetary damages for any past violations of his constitutional rights, such damages are foreclosed in the absence of physical injury. The Complaint also includes a request for "compensation for willful oppression and cruel treatment against all inmates in the amount of $30 million U.S. Dollars to help develop an internal affairs department to

oversee corrupt active local affairs and to administer, adopt, and advice actions of law enforcement."
Id. Such compensation is not permitted under the PLRA.

<u>Plaintiff's Access to the Courts Claim</u>

Upon further review of Plaintiff's Complaint, the Court observes that Plaintiff fails to state a claim for denial of access to the courts. Plaintiff bases his access to the courts claim upon an allegation that he was unlawfully denied access to a law library by the Defendants. The Fourteenth Amendment gives prisoners a right of access to the courts. <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290 (11th Cir.1998). This right does not, however, guarantee that prisoners will be provided with "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but rather, assures only that they have the tools needed "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." <u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996); see also <u>Wilson</u>, 163 F.3d at 1290. Thus, "the limited types of legal claims protected by the access-to-courts right [are] non-frivolous appeals from a conviction, habeas petitions, or civil rights suits." <u>Al- Amin v. Smith</u>, 511 F.3d 1317, 1332 (11th Cir.), cert. denied, --- U.S. ----, 129 S.Ct. 104 (2008).

In this case, Plaintiff sought access to a law library for the purpose of preparing for his upcoming criminal prosecution. Plaintiff had discharged his court appointed criminal defense attorney and had secured the court's permission to represent himself at trial. The state's obligation to provide meaningful access to the courts is sufficiently satisfied by offering the defendant the assistance of appointed counsel. Numerous courts have held that a criminal defendant who seeks to proceed *pro se* at trial has "no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel." <u>Smith v. Hutchins</u>, 2011 WL 1811264, *3 (11th Cir., May 12, 2011). Because Plaintiff had meaningful access to the courts

3

through the assistance of counsel, his right of access to the courts was not denied, and he has failed to state a claim under the Fourteenth Amendment.

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Defendants Motion to Dismiss be **GRANTED** only as to any claims for monetary damages, and **DENIED** as to claims for injunctive or declaratory relief. It is further **RECOMMENDED** that Plaintiff's claims for denial of access to the courts be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 9th day of June, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge