IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE FRANK WRIGHT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:10-CV-203 (MTT) |
| ) | |
| JEFF PETTY and BILL MASSEE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle. (Doc. 33). The Magistrate Judge recommends granting the Defendants' Motion to Dismiss on claims for monetary damages because pursuant to the Prisoner Litigation Reform Act, monetary damages may not be recovered in a 42 U.S.C. § 1983 action in the absence of a physical injury. The Magistrate Judge also recommends granting the Motion to Dismiss on claims for declaratory or injunctive relief for denial of access to the courts because the Plaintiff discharged court-appointed counsel and proceeded pro se. However, the Magistrate Judge recommends denying the Motion to Dismiss on claims for declaratory or injunctive relief for access to religious materials because the PLRA allows such relief. The Defendants and the Plaintiff filed objections to the Recommendation. (Docs. 34, 35). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Parties' objections and has made a de novo determination of the portions of the Recommendation to which the Parties object.

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge with regard to claims for monetary damages.

The Court agrees with the Magistrate Judge that the Plaintiff's claims for declaratory or injunctive relief for denial of access to the courts should be dismissed, but for a different reason. After a March 10, 2010, hearing, the Plaintiff was granted the right to proceed pro se. The Plaintiff, a pre-trial detainee at Baldwin County Jail, filed this action May 24, 2010, alleging, *inter alia*, he did not have access to a law library and he was unable to receive religious materials. On August 6, 2010, the Plaintiff was convicted of aggravated assault and family violence battery in Baldwin County. To the extent he asserted a claim initially during the course of his criminal proceedings, those proceedings concluded, and therefore any claim for declaratory or injunctive relief in preparation for his criminal trial is moot. Also, as the Magistrate Judge pointed out, the Plaintiff is not entitled to monetary relief for this claim.

To the extent the Plaintiff asserts a claim for post-conviction denial of access to the courts, this claim must also be dismissed. The Magistrate Judge stated that the Plaintiff could not assert a claim for denial of access to the courts pursuant to *Smith v. Hutchins*, 2011 WL 1811264 (11th Cir. May, 12, 2011) (unreported) because he discharged court-appointed counsel in his criminal case. However, the holding of *Smith v. Hutchins* was limited to pro se prisoners who voluntarily and intelligently waived their right to counsel during their pre-trial detention. *Id*. at *4. Unlike the plaintiff in *Smith v. Hutchins*, the Plaintiff claims he was not informed that discharging court-appointed counsel would prevent him from asserting claims for denial of access to the courts.[1]

---

[1] The Plaintiff raised this issue for the first time in his objection to the Recommendation.

-3-

Thus, he argues, he did not voluntarily and intelligently waive his right to counsel, and his claims for access to the courts should not be dismissed.  Further, it is not clear that the Plaintiff's claims for denial of access to the courts are limited to his pre-trial detention.

Nevertheless, any post-conviction claim for declaratory or injunctive relief for denial of access to the courts presently is moot.  It is a well-established principle that "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  Here, the alleged misconduct took place at Baldwin County Jail, and the Plaintiff's claim became moot once he was transferred to Ware State Prison.[2]  After the Recommendation, the Plaintiff was transferred back to Baldwin County Jail, which would have no longer made his claim moot.  *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, __ U.S. __, 131 S. Ct. 1651 (2011).  However, the Plaintiff again was transferred to Ware State Prison.  The Plaintiff claims he soon will be back at Baldwin County Jail, but because he is currently incarcerated at Ware State Prison, any claim for post-conviction denial of access to the courts at Baldwin County Jail presently is moot.

Similarly, the Plaintiff's claims for access to religious materials at Baldwin County Jail presently are moot because the Plaintiff is no longer at Baldwin County Jail.

Accordingly, the Defendants' Motion to Dismiss is **GRANTED** on all claims.  This action is **DISMISSED with prejudice** on the Plaintiff's pre-trial detention claim for

---

[2] The Defendants claim they did not move to dismiss on this ground, because, at that time, they were unaware the Plaintiff had been transferred to Ware State Prison.

access to the courts.  This action is **DISMISSED without prejudice** on the Plaintiff's post-conviction claim for access to the courts and all claims for access to religious materials.  The Defendants alternatively titled their partial objection a Motion for Reconsideration.  The Motion for Reconsideration is **DENIED** as moot.

**SO ORDERED,** this the 23rd day of September, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT